IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TY RUTH, | : |
|     Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION NO. 25-CV-1371 |
| | : |
| THE HOME DEPOT, | : |
|     Defendant. | : |

**MEMORANDUM**

**MARSTON, J.**                                                                                             **APRIL 22, 2025**

Pro se Plaintiff Ty Ruth brings this civil action against her former employer, The Home Depot, alleging violations of the Americans with Disabilities Act ("ADA"). (Doc. No. 2.) Ruth also seeks leave to proceed *in forma pauperis* (Doc. Nos. 1, 5) and requests appointment of counsel (Doc. No. 3). For the following reasons, the request to proceed *in forma pauperis* is granted, the Complaint is dismissed without prejudice, and Ruth's request for an appointment of counsel is denied at this time.[1] Ruth will be granted an opportunity to file an amended complaint to address the Court's conclusions about the deficiencies in her claims.

**I.    BACKGROUND**[2]

Using the Court's preprinted form for unrepresented litigants to file employment discrimination claims, Ruth has checked the box indicating that her former employer, The Home Depot, violated the ADA. (Doc. No. 2 at 1–2.) Ruth checked boxes on the form indicating that she seeks to complain about discriminatory conduct in the nature of termination from

---

[1] Ruth's Complaint and Motion to Proceed *In Forma Pauperis* were initially filed without a handwritten signature. However, on March 14, 2025, Ruth filed the relevant pages from both pleadings with her handwritten signature in accordance with Rule 11(a) of the Federal Rules of Civil Procedure. (*See* Doc. No. 5.)

[2] The facts set forth in this Memorandum are taken from Ruth's Complaint (Doc. No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

employment, failure to promote, failure to provide a reasonable accommodation to her disability, unequal terms and conditions of employment, and retaliation. (*Id*. at 2–3.)

Other than checking the boxes on the form, the only allegations Ruth provides are in the section of the form where litigants are asked to state the facts of their case. Ruth's sparse narrative is difficult to follow, but as best as the Court can determine, Ruth, who has Asperger's Syndrome, avers that the store manager, Jennifer Potter, started retaliating against her during December 2023.[3] (*Id.* at 3.) Ruth alleges that Potter found her to be "insubordinate," after Ruth provided "honesty feedback" at a townhall meeting. (*Id.* at 3.) Ruth "reached out to Stacy Sharp," who was "the manager of Cedric Hugh" about the "retaliation and harassment." (*Id.*) During the month of April, Ruth filled out a form "for accommodations on switching stores as it was a conflict of interest," but an unspecified "[m]anager decided to make a fake investigation to get [Ruth] terminated," and Ruth was terminated on May 5, 2024. (*Id.*) Ruth avers that the "manager" is "no longer part of the company" because of other associate complaints. (*Id.*) Ruth also alleges that "Alice Jones CXM"[4] grabbed a work phone out of her hand to "try to get a reaction" out of Ruth. (*Id.*) Ruth was investigated "as violent" but the investigation "found . . . no cause." (*Id.*)

Ruth attaches to her Complaint copies of two disciplinary action reports.[5] (Doc. No. 2-1 at 1, 5.) On January 10, 2024, Ruth was disciplined for "failing to treat associates, customers, or

---

[3] Although Ruth contends that the allegedly discriminatory acts began on or about December 8, 2024, she also claims that she was terminated on May 5, 2024, which suggests that Ruth meant to assert that the discrimination began in December of *2023*. (Doc. No. 2 at 3–4, *see also* Doc. No. 2-1 at 1.)

[4] CXM stands for "Customer Experience Manager." *See* The Home Depot Careers, https://careers.homedepot.com/career-areas/retail/customer-experience-manager (last visited April 14, 2025).

[5] Although Ruth does not explicitly allege in her Complaint which store location she worked at, the Disciplinary Action reports indicate that Ruth worked at the "East Whiteland Store – 4119." The East

vendors with respect." (*Id.* at 1.) Ruth was described as acting "combative and subordinate towards multiple members of [the] leadership team," and she was warned that further infractions would "result in additional disciplinary action up to and including termination of employment." (*Id.*) On May 5, 2024, Ruth was terminated for being "disrespectful and unprofessional, constituting a Major Violation of the Company's Standards of Performance Respect Policy." (*Id.* at 5.)

Ruth seeks reinstatement, reasonable accommodation to her disabilities, injunctive relief and money damages, termination of customer service manager Alice Jones, and that she be marked as a "rehire in the future" if she does not want a "job at the moment." (Doc. No. 2 at 5.)

## II.  MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Because Ruth is unable to pay the filing fee in this matter, the Court grants her leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").

## III.  SCREENING UNDER § 1915(E)

Because the Court grants Ruth leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

---

Whiteland store is located in Frazer, Chester County, Pennsylvania. *See* The Home Depot, https://www.homedepot.com/l/E-Whiteland-Frazer/PA/Frazer/19355/4119 (last visited April 14, 2025).

A.   **Legal Standard**

In analyzing a complaint under § 1915(e)(2)(B)(ii), the Court uses the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  So, the Court must determine whether Ruth's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  Conclusory allegations do not suffice.  *Id.*  "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted).  Because Ruth is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

B.   **Analysis**

Ruth brings ADA claims for unlawful discrimination and retaliation.  (Doc. No. 2 at 1–2.)

Ruth's discrimination claims are based on termination of her employment and failure to reasonably accommodate her disability.  To state a plausible discrimination claim under the ADA a plaintiff must allege:  (1) that she is disabled within the meaning of the ADA; (2) that she is otherwise qualified to perform the essential functions of the job, with or without a reasonable accommodation; and (3) she suffered an adverse employment decision as a result of the discrimination.  *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (citation omitted).  To state a claim for a failure to accommodate under the ADA, a plaintiff must allege sufficient facts to support a reasonable inference that: "(1) [s]he was disabled and [her] employer

4

knew it; (2) [s]he requested an accommodation or assistance; (3) [her] employer did not make a good faith effort to assist; and (4) [s]he could have been reasonably accommodated." *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017) (quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006)). Thus, both claims require an initial finding that Ruth suffered from a disability.

A plaintiff is disabled for purposes of the ADA if she (1) has a "physical or mental impairment that substantially limits one or more" of her "major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." *Id.* (citing 42 U.S.C. § 12102(1)). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* at § 12101(2)(A). The 2008 ADA Amendments Act clarified that the definition of disability and "substantially limits" should be construed "in favor of broad coverage of individuals . . . to the maximum extent permitted." 42 U.S.C. § 12102(4)(A)-(B). However, "to sufficiently allege that an impairment interferes with a major life activity, a plaintiff must elaborate on whether the alleged impairment interfered with [her] alleged major life activity during the period of alleged discrimination by Defendants," and "the plaintiff's allegations must contain sufficient factual support for his or her purported limitations, such as describing in some detail the frequency, duration, or severity of his or her limitations." *Earl v. Good Samaritan Hosp. of Suffern N.Y.*, 625 F.Supp.3d 292, 304 (S.D.N.Y. 2022) (cleaned up), *aff'd*, 22-2505, 2023 WL 8708417 (2d Cir. Dec. 18, 2023).

Ruth has not stated a plausible ADA claim because she has not adequately alleged that she suffers from a disability or that The Home Depot failed to accommodate any disability or

discriminated against her because of it. Ruth alleges that she has Asperger's Syndrome and "sometimes [her] social cues are off," but she does not provide any further detail explaining how she is limited by her Asperger's Syndrome and what, if any, accommodations she required that Home Depot failed to provide. Although a plaintiff need not "go into particulars about the life activity affected by her alleged disability or detail the nature of her substantial limitations" at the pleading stage, she still must allege some facts to support an inference that she suffered from a disability within the meaning of the statute. *Fowler*, 578 F.3d at 213; *Karipidis v. ACE Gaming LLC*, No. 09-3321, 2010 WL 2521209, at *8 (D.N.J. June 9, 2010) ("By simply stating that the plaintiff lives with an injury, illness or impairment without alleging that the impairment substantially limits a major life activity creates a defect in the Complaint."). Ruth has not done so here.

Even if Ruth had sufficiently alleged that she suffers from a disability, the Complaint would still fail to state a claim for unlawful discrimination under the ADA because Ruth has not alleged that The Home Depot was aware of her Asperger's Syndrome diagnosis, or that she actually requested a reasonable accommodation.[6] In sum, Ruth has failed to allege sufficient facts to state a plausible claim for disability discrimination under the ADA. *See, e.g.*, *Brister v. Emp. Opportunity & Training Ctr. of Ne. Pa. Inc.*, No. 22-2047, 2023 WL 4424255, at *2 (M.D. Pa. July 10, 2023) (dismissing ADA claim for failure to accommodate where plaintiff alleged only in conclusory fashion that her employer failed to provide reasonable accommodations for her disability).

---

[6] Ruth alleges that she requested an accommodation to switch stores because of a "conflict of interest," but she does not tie her accommodation request to her alleged disability. (*See* Doc. No. 2 at 3.)

That leaves Ruth's retaliation claim.  The ADA anti-retaliation provision, 42 U.S.C. § 12203(a), states that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]."  *Id.*  This provision is similar to Title VII's prohibition of retaliation.  *See* 42 U.S.C. § 2000e–3(a).  Accordingly, courts analyze ADA retaliation claims under the same framework employed for retaliation claims arising under Title VII.  *See Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567 (3d Cir. 2002) ("Because the anti-retaliation provisions of the ADA and ADEA are nearly identical, as is the anti-retaliation provision of Title VII, . . . precedent interpreting any one of these statutes is equally relevant to interpretation of the others.") (citing *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

To state a retaliation claim, Ruth must plead facts to suggest:  (1) she engaged in protected activity under the ADA; (2) the employer took adverse action against her; and (3) a causal link exists between the protected activity and the adverse employment action.[7]  *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997); *see also Connelly*, 809 F.3d at 789; *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017).  A general complaint about unfair treatment does not constitute protected activity; a plaintiff must show that she complained specifically about unlawful discrimination.  *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

---

[7] "Unlike a plaintiff in an ADA *discrimination* case, a plaintiff in an ADA *retaliation* case need not establish that [s]he is a 'qualified individual with a disability.'  By its own terms, the ADA retaliation provision protects 'any individual' who has opposed any act or practice made unlawful by the ADA or who has made a charge under the ADA."  *See Gavurnik v. Vantage Labs, LLC*, No. 19-5537, 2020 WL 12729778, at *2 (E.D. Pa. June 26, 2020) (citing cases).

Ruth alleges that she provided "honesty feedback" at a townhall meeting which in turn allegedly led to Potter reporting Ruth as "insubordinate" in December 2023. (Doc. No. 2. at 3.) Her assertions are conclusory, and her allegations concerning "honesty feedback" do not appear to be tied to any complaints concerning unlawful discrimination such that it constitutes protected activity. Without facts demonstrating that Ruth engaged in protected activity, including providing specific details about when the protected activity took place, as well as what individuals participated in the adverse employment action against Ruth, and facts showing a causal connection between the protected activity and the adverse employment action, Ruth has not asserted a plausible claim for ADA retaliation.

## IV.   CONCLUSION

For the foregoing reasons, the Court dismisses the Complaint. Ruth will be granted an opportunity to file an amended complaint so that she can "flesh out [her] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [her] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)). The Court also denies as premature Ruth's request for the appointment of counsel.[8] An appropriate Order will be entered separately with additional instructions for amendment.

---

[8] Ruth's request for the appointment of counsel (Doc. Nos. 3, 5) is premature at this stage of the litigation because her case has not yet passed the screening stage under 28 U.S.C. § 1915. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim"). Accordingly, the Court denies Ruth's request without prejudice. Ruth may renew her request after any amended complaint, if she files one, has been screened by the Court. If Ruth chooses to file a renewed motion, she should do so in accordance with the factors set forth by the United States Court of Appeals for the Third Circuit in *Tabron*.